UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ARTUR KEKUS,          :
                     :
                  Plaintiff,    :        ORDER
                     :        11-CV-5320 (ENV)
    -against-      :
                     :
UNITED PARCEL SERVICES, INC., et al., :
                     :
                  Defendants.   :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

      Plaintiff brings this action alleging that he injured himself when he fell from a ladder in a building owned by defendant United Parcel Services and UPS East Region. Plaintiff originally filed his action in state court, alleging negligence and violations of various New York laws.[1] Defendant Standard Demolition Services, Inc. then removed the case, invoking this court's diversity jurisdiction. When it removed the action, Standard asserted the following facts concerning diversity: 1) plaintiff is a resident of New York; 2) United Parcel Services, Inc. is a citizen of Delaware and Georgia; 3) UPS East Region is a regional office of United Parcel Services and is a citizen of Delaware and Georgia; 4) Standard Demolition Services, Inc. is a citizen of Connecticut; and 5) CT Corporation Systems is "merely Standard's register agent" and "therefore not a proper defendant" and thus its citizenship is "irrelevant." Notice of Removal ¶¶ 7-11, Docket Entry 1. Accordingly, Standard contends that "diversity is complete." *Id*. ¶ 12.

      For an action to be properly removable, there must be complete diversity at the time the action was commenced and at the time it was removed. *Arseneault v. Congoleum*, 2002 WL 472256, at *3 (S.D.N.Y. Mar. 26, 2002). Moreover, "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was

---

[1] Plaintiff's verified complaint is missing page 5 on ECF. Standard is directed to contact the Clerk's Office promptly to correct the filing error.

sought to federal court." *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007).

Based on defendant Standard's Notice of Removal, and in particular, its failure to identify the citizenship of a defendant, even one that may not remain a party to this case, the court cannot determine whether this action has properly been removed and whether this court has subject matter jurisdiction. Defendant Standard is hereby ordered to file a supplemental Notice indicating the citizenship of CT Corporation Systems no later than **November 18, 2011**. If CT Corporation Systems is a citizen of New York, Standard shall also explain the basis for diversity jurisdiction, particularly in light of 28 U.S.C. § 1441(b), which permits removal "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also* MOORE'S FEDERAL PRACTICE 3d § 107.14[2][c][iv] (noting that the removing party bears the burden of establishing that a non-diverse party is fraudulently or improperly joined by showing that there is no possibility that the plaintiff can establish a cause of action against the non-diverse party).

Moreover, removal requires the consent of all properly served co-defendants "whom the removing defendant(s) actually kn[ows] or should have known had been served." *Williams v. Int'l Gun-A-Rama*, 416 Fed. Appx. 97, 99 (2d Cir. Mar. 25, 2011). The Notice here provides no information as to whether Standard is aware that its co-defendants have been served, or that it has "exercised reasonable diligence" in determining the status of service of the co-defendants, *Williams*, 416 Fed. Appx. at 99 n.1, and whether they consent to removal. *See* Docket Entry 1. Accordingly, Standard's supplemental Notice shall also address the issue of service and consent of the co-defendants.

                                        SO ORDERED.

                                        _____/s/_____
                                        STEVEN M. GOLD
                                        United States Magistrate Judge

Brooklyn, New York
November 8, 2011

*U:\eoc 2011\kekus.docx*